In the Matter of the ESTATE OF
George Foster PATEE, II.

Margaret R. PATEE, Appellant,

v.

Jimmie Nelle PATEE, Appellee.

No. 57246.

Supreme Court of Oklahoma.

June 7, 1983.

William C. Majors, Oklahoma City, for appellant.

Bryce A. Baggett, Oklahoma City, for appellee.

IRWIN, Justice:

Margaret R. Patee and George Foster Patee, II, were divorced in 1974. Margaret Patee received a judgment in the amount of $44,625 for property division alimony. George died in 1980 and there was $15,750 still due.

Jimmie Nelle Patee was George's wife at the time he died. In his will he named her the executrix of the estate. When she filed her final account, she alleged the estate did not contain enough assets to pay Margaret's judgment.

Margaret objected to the final account, claiming that some assets had been omitted, principally a retirement or profit-sharing plan account containing over $15,000. George had designated Jimmie Nelle as his beneficiary and the entire amount had been paid directly to her. The probate court ruled the account was not part of George's estate. Margaret appealed.

The retirement or profit-sharing plan was established by George's employer. Both parties agree that it was established under the provisions of 60 O.S.1981, §§ 326–328.

Section 327 provides:

"*Provisions against alienation or encumbrance*

Any such plan, trust or contract may provide against the alienation or encumbrance of the interest of any person therein and further provide that no inter-

est therein shall be subject to garnishment, attachment, execution or the claims of creditors of the persons having an interest therein."

Section 328 provides:

*"Power to alienate or encumber—Exemption from process and claims*

Any person having an interest in any such plan, trust or contract, or in any property or any right subject to any such plan, trust or contract, containing the provisions set forth in the next preceding section of this act, or provisions of substantially the same force and effect, shall have no right to alienate or encumber such right or interest in any manner contrary thereto, and the interest of any such person in any such plan, trust or contract, or in any property or any right subject to any such plan, trust or contract, shall be exempt from garnishment, attachment, execution or the claims of creditors."

The plan has a provision (Art. 9.2 of the Trust) containing the proscriptions authorized by § 327.

Margaret contends that the proscriptions against the alienation or encumbrance of an interest, or allowing execution or claims of creditors against an interest are for the benefit of the employee and the proscriptions do not run in favor of a beneficiary's interest. Margaret argues that George's rights under the plan had not matured and his vested rights are part of the probate estate and subject to her claim.

Jimmie Nelle contends the account belongs to the named beneficiary (Jimmie Nelle); it is not part of George's probate estate; and that it is not subject to claims of creditors, including Margaret's claim.

Sections 327 and 328 specifically relate to "any person" having an interest in the retirement or profit-sharing plan and the proscriptions therein contained are applicable not only to the employee's interest but are also applicable to the interest of a named beneficiary. Sections 327 and 328 may not be construed as being applicable to only an employee's interest. The named beneficiary takes the interest free from any claims that might be filed against decedent's estate in the probate proceedings.

JUDGMENT AFFIRMED.

All the Justices concur.